United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR H. BOESSENKOOL, | ) No. C 09-0076 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | ) |
| BOARD OF PAROLE HEARINGS, CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) **(Docket No. 2)** |
| Defendants. | ) |

On January 8, 2009, plaintiff, a California parolee proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants, the Board of Parole Hearings ("Board") and the California Department of Corrections, violated his constitutional rights by refusing to discharge him from parole. Plaintiff has applied for leave to proceed in forma pauperis.[1]

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Together with his complaint, plaintiff filed a court-approved "Prisoner's Application to Proceed In Forma Pauperis." Because plaintiff no longer is incarcerated, however, the Clerk of the Court notified plaintiff, on January 8, 2009, that he must file, within thirty days, a court-approved non-prisoner's in forma pauperis ("IFP") application. As the Court is able to determine from the prisoner's IFP application filed by plaintiff that he is entitled to proceed IFP herein, the Court will grant plaintiff leave to proceed IFP and will proceed to review the allegations in the complaint, even though plaintiff has not yet filed a non-prisoner's IFP application.

See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges his constitutional rights were violated in December 2007 when the Board declined to discharge him from parole, resulting in his subsequent incarceration for a parole violation and his continuing status as a parolee.[2]  Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see Jones v. Cunningham, 371 U.S. 236, 241-43 (1963) (holding petitioner on parole is in custody for purposes of habeas corpus review).  Consequently, where a prisoner raises a claim challenging the legality or duration of his parole status, such claim must be brought in a petition for a writ of habeas corpus.  See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding claim challenging decision finding prisoner ineligible for parole must be brought in habeas corpus).  Here, plaintiff claims he is entitled to immediate release from parole.  Consequently, he is seeking habeas relief.  A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, the instant complaint is hereby DISMISSED, without prejudice to

---

[2] Plaintiff does not seek money damages, but rather injunctive relief.  If plaintiff did seek damages, however, such claim would be barred as premature, because plaintiff does not allege that the parole board's decision has been reversed, expunged, set aside or called into question.  See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).

plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts.

In light of plaintiff's showing as to his lack of funds, the application to proceed IFP is hereby GRANTED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 22, 2009

_____
MAXINE M. CHESNEY
United States District Judge